**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaykh Muhammad Abdul Aziz Khalid bin Talal Al Saud,<br><br>             Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>             Respondents. | No. CV-18-0010-TUC-LCK<br><br>**ORDER** |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court are the Petition (Doc. 1), Respondents' Answer (Doc. 13), Petitioner's Reply (Doc. 21) and Court-ordered supplement (Doc. 27), Respondents' Amended Answer (Doc. 31), and Petitioner's Reply to Amended Answer (Doc. 32). The parties have consented to Magistrate Judge jurisdiction. (Doc. 10.)

**FACTUAL AND PROCEDURAL BACKGROUND**

Prior to trial, the Pima County Superior Court granted Petitioner's request to represent himself and appointed advisory counsel. (Doc. 14, Ex. G.) Subsequently, Petitioner pled guilty to one count of kidnapping. (*Id.*, Exs. H, I.) At a July 27, 2015 sentencing, Petitioner was disruptive and then voluntarily departed. (*Id.*, Exs. J, EE.) With Petitioner absent, the trial court sentenced Petitioner to ten years, consecutive to any other sentences he was currently serving and with zero credit for time served. (*Id.*, Ex. J.)

On August 1, 2015, Petitioner filed a document captioned "Petition Review Special Action" in the Arizona Court of Appeals. (*Id.*, Ex. M.) The appellate court denied review finding that a request for post-conviction relief (PCR) was premature (alternatively, the court denied jurisdiction over the filing as a special action). (*Id.*, Ex. O.)

On July 29, 2015, Petitioner filed a PCR Notice in the trial court. (*Id.*, Ex. L.) In a subsequent petition, appointed counsel argued that Petitioner's sentence should not be consecutive, as the other charges (filed in Maricopa County) had been dismissed, and he was entitled to presentence credit for time in custody; counsel did not raise any other issues. (*Id.*, Ex. T.) The State agreed that the consecutive sentence was moot and stipulated that Petitioner was entitled to 1088 days of presentence credit. (*Id.*, Exs. U, V.) On May 11, 2017, the court re-sentenced Petitioner to 10 years, with 1090 days of credit for time served (as of July 27, 2015), and vacated its order that the sentence be consecutive. (*Id.*, Ex. W.) Petitioner did not seek review of that decision in the Arizona Court of Appeals.

On August 9, 2017, Petitioner filed a second PCR Notice, followed by a pro se PCR Petition. (*Id.*, Ex. Y.)[1] On March 9, 2018, the PCR court identified four claims in the petition and found they were precluded. (*Id.*, Ex. BB.) Petitioner sought reconsideration of that decision, which was denied on April 13, 2018. (*Id.*, Ex. CC; Doc. 31, Ex. OO.) Petitioner did not seek further review of the PCR denial.[2]

---

[1] The State cited and attached a May 19, 2017 pro se PCR Notice. (Doc. 14, Ex. X.) However, review of the superior court docket indicates that Notice was dismissed because Petitioner was still represented by counsel. After the court granted counsel's withdrawal, Petitioner filed another pro se PCR Notice, on which the court allowed Petitioner to proceed. *See* CR20130740 at http://www.agave.cosc.pima.gov/AgavePartners/.

[2] Petitioner contends he sought review in the Arizona Court of Appeals and/or the Arizona Supreme Court. (Doc. 27 at 3; Doc. 32.) However, having been informed by this Court that it could find no evidence of a filing with the Arizona Court of Appeals (Doc. 24 at 1), Petitioner failed to offer proof of any appellate filing. This Court and Respondents have searched the docket of the Arizona Court of Appeals and found nothing filed by Petitioner after 2015. (Doc. 31, Ex. RR.) Even if Petitioner filed something with the Arizona Supreme Court, that is not relevant to exhaustion if he failed to present his claims to the Arizona Court of Appeals. *See* Ariz. R. Crim. P. 33.16; A.R.S. § 12-120.21(A).

Petitioner filed his Habeas Petition in this Court on January 11, 2018, when his second PCR Petition was pending in state court. After briefing on the Petition was completed, the Court directed Petitioner to provide the status of any ongoing state court proceedings. (Docs. 24, 27.) Review of Petitioner's response and the relevant state court dockets, *see* CR20130740 at http://www.agave.cosc.pima.gov/AgavePartners/ and https://www.appeals2.az.gov/ODSPlus/caseInfo.cfm, revealed no relevant matters pending in state court. Therefore, the Court directed the filing of an Amended Answer and allowed an additional Reply. (Docs. 28, 31, 32.)

## DISCUSSION

Petitioner raised three claims, each with multiple parts: (1) Petitioner was denied effective assistance of counsel for sentencing and the Rule 32 of-right proceeding, he was denied the right to represent himself in the Rule 32 of-right proceeding, and the sentence imposed at re-sentencing was unconstitutional; (2) Petitioner's sentence is unconstitutional because he was not given notice of the sentencing date or the possibility of an aggravated sentence, the court violated his right to be present for sentencing, and he did not have the opportunity to present mental health evidence; and (3) Petitioner's sentence is cruel and unusual, he was coerced to accept the plea based on the likelihood of an all-white jury, and his rights under *Faretta* and *Blakely* were violated. Respondents contend all of the claims are procedurally defaulted. The Court agrees.[3]

---

[3] For Petitioner's information, all claims based on his 2015 original sentence – lack of notice as to the sentencing date and the possibility of an aggravated sentence, and his absence from the sentencing proceeding – are moot. *See Falcone v. Lewis*, 29 F.3d 631 (9th Cir. 1994). Petitioner's current confinement is based on the sentence imposed on May 11, 2017, for which he was present and represented by counsel. Further, there is no merit to Petitioner's argument that it was illegal to sentence him to an aggravated sentence. (Doc. 32 at 3.) At the original sentencing, the court discussed that the "maximum" sentence was no longer the highest sentence, which had been designated as an "aggravated" sentence. (Doc. 14, Ex. EE at 15.) The court declined to consider an aggravated sentence because it would require a continuance to provide Petitioner written notice (*id.* at 16). *See* A.R.S. 13-702(E). However, the judge identified four aggravating factors (Doc. 14, Exs. J, W); in the plea agreement, Petitioner agreed to allow the trial judge, not a jury, to find the existence of aggravating factors (*id.*, Ex. H at 3-4). Because he found the aggravating factors outweighed the mitigation, the judge imposed a ten-year sentence, which he referred to as "aggravated" (*id.*, Ex. EE at 16); however, 10 years was designated as the "maximum" sentence under the statute not the "aggravated" sentence, which was 12.5 years. A.R.S.

**Principles of Exhaustion and Procedural Default**

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the

---

§ 13-702. Because Petitioner was not subject to an aggravated sentence, the court was not obligated to provide written notice of that possibility.

- 4 -

failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

**Analysis**

The relevant inquiry in this case is whether Petitioner fairly presented Claims 1 to 3 to the Arizona Court of Appeals:

> "A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, *see* 28 U.S.C. § 2254(c), (2) through the proper vehicle, *see Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L.Ed.2d 380 (1989), and (3) by providing the proper factual and legal basis for the claim, *see Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999)."

*Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). Petitioner submitted only one filing to the Arizona Court of Appeals regarding this criminal case, his 2015 document labeled "Petition Review Special Action."[4]

First, to the extent the 2015 filing was intended to seek review from dismissal of a PCR proceeding, the appellate court agreed the trial court had properly dismissed it as premature because it was initiated in the trial court prior to the entry of judgment and sentence. (Doc. 14, Ex. O at 1 (citing *State v. Saenz*, 4 P.3d 1030, 1031-32, 197 Ariz. 487, ¶¶ 3-6 (Ct. App. 2000); Ariz. R. Crim. P. 32.4(a)).) Therefore, it failed to satisfy the purpose of the "fair presentation" requirement, which is to "provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Duncan v. Henry*, 513 U.S. 364, 370 (1995) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Because Petitioner initiated the PCR proceeding prior to the entry of judgment, it was not the proper vehicle by which the court of appeals could address the merits of his claims.

---

[4] Petitioner did not include this 2015 filing when his Habeas Petition form asked if he had submitted any "petitions, applications, or motions concerning this judgment of conviction in any state court." (Doc. 1 at 3-5.) Thus, he is not asserting that he exhausted any claims in that proceeding. However, as it is Petitioner's only state-court appellate filing, this Court evaluates it for purposes of exhaustion.

Second, to the extent Petitioner's 2015 filing was a special action, the appellate court declined jurisdiction. The filing of a special action in the Arizona Court of Appeals does not exhaust available state court remedies. *See Burns v. McFadden*, 34 F. App'x 263, 264-65 (9th Cir. 2002) (citing *Castille*, 489 U.S. at 351 (holding there is no fair presentation "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor'"); *State ex rel. Romley v. Superior Court*, 7 P.3d 970, 971-72, 198 Ariz. 164, 165-66 (Ct. App. 2000) (holding that discretionary special action jurisdiction is "appropriate when there is no equally plain, speedy or adequate remedy available by appeal, . . . or when the case presents a narrow question of law of statewide importance")).

Whether Petitioner's 2015 filing was considered a petition for review from denial of a PCR petition or a special action, it did not exhaust the available state court remedies as to any claims raised in this Court. Petitioner has not submitted any other filings to the Arizona Court of Appeals with respect to this case. Because he failed to fairly present any claims to the Arizona appellate court, he has not exhausted Claims 1 to 3. If Petitioner were to return to state court now to litigate these claims, they would be found waived and untimely under Rules 33.2(a)(3) and 33.4(b)(3) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim. P. 33.2(b); 33.1(b)-(h).[5] Claims 1 to 3 are, therefore, technically exhausted but procedurally defaulted.

---

[5] After this matter was fully briefed, the Arizona Supreme Court abrogated Rule 32 of the Arizona Rules of Criminal Procedure and adopted a new Rule 32 and Rule 33, which amended and reorganized the rules concerning postconviction relief. Particularly relevant to this proceeding is the new designation of Rule 33 to govern PCR proceedings for defendants that pled guilty. The new rules apply to all actions pending on, or filed after, January 1, 2020, unless their application would work an injustice. *See* Ariz. R. Crim. P. 33.1, cmt. Therefore, the Court is citing the current version of Rule 33 in making its determination that Petitioner has no presently available state remedy, *see Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (approving of district court's evaluation of then current Rule 32.2 to determine if Ortiz had a presently available state remedy), *overruling on other grounds recognized by Apelt v. Ryan*, 878 F.3d 800, 828 (9th Cir. 2017). However, the outcome would be the same under the PCR rules in effect prior to January 2020.

**Cause and Prejudice**

Ordinarily "cause" to excuse a default exists if a petitioner can demonstrate that "some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753.  At the time he filed the Petition, Petitioner acknowledged he had not presented Claims 1 to 3 to the state appellate court because the PCR court had not yet ruled on his second PCR Petition. (Doc. 1 at 4, 6-8.) The PCR court denied Petitioner's pro se PCR Petition while the present Habeas Petition was pending. Review of the trial court and appellate court dockets indicate Petitioner did not appeal that decision. Because the PCR court has ruled on his PCR Petition, the absence of a ruling is not cause for Petitioner's failure to seek timely appellate review of his claims.

Next, Petitioner explained that he did not seek review in the state appellate court because the state courts are prejudiced against him based on his ethnicity and religion. (Doc. 1 at 5.) The 2015 ruling issued by the Arizona Court of Appeals did not evidence any bias against Petitioner. And, even if Petitioner believed the court had exhibited bias, that in no way impeded him from timely requesting review by that court. Therefore, perceived bias does not qualify as cause to excuse Petitioner's default.

Finally, Petitioner argued that his claims were not raised in his first PCR Petition because the court denied him the right to represent himself. And, counsel refused to withdraw when Petitioner requested that he do so. The Court has found Claims 1 to 3 procedurally defaulted because Petitioner failed to fairly present these claims to the appellate court, which he could have done during his second PCR proceeding when he represented himself. Even if the trial court barred Petitioner from self-representation during his first PCR proceeding, that cannot operate as cause to overcome the defaults of Claims 1 to 3, because it did not impede Petitioner from presenting these claims to the court of appeals during his second PCR proceeding.

Petitioner mentioned several times in filings before this Court that counsel for his first PCR proceeding was ineffective, but he did not directly argue that as cause to overcome the default of any claims. However, because constitutionally ineffective

assistance of counsel can constitute cause to excuse a procedural default, the Court will evaluate ineffectiveness of PCR counsel as cause. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Although there is not a constitutional right to counsel in a collateral proceeding, a PCR of-right proceeding for a pleading defendant is a form of direct (not collateral) review. *Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007). The Supreme Court recognizes that a defendant has a constitutional right to appointed counsel on a first appeal of-right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And, Arizona recognizes that a pleading defendant, such as Petitioner, is constitutionally entitled to effective assistance of counsel on the PCR of-right proceeding, which is the only opportunity for appellate review. *Osterkamp v. Browning*, 250 P.3d 551, 556, 226 Ariz. 485, 490 (App. Ct. 2011). Therefore, ineffective assistance of PCR counsel for a pleading defendant may constitute cause for procedural default. *See Coleman v. Ryan*, No. 17-2763-PHX-DGC (JFM), 2018 WL 3543914, at *22-23 (D. Ariz. June 15, 2018); *White v. Ryan*, No. CV-15-2482-PHX-JJT (JFM), 2016 WL 4650002, at * 14 (D. Ariz. May 2, 2016). Before ineffectiveness may be used to establish cause for a procedural default, however, it must have been presented to the state court as an independent claim. *Murray*, 477 U.S. at 489. Arizona provides for a timely second PCR petition to raise ineffective assistance of PCR counsel on a first of-right petition. *See Osterkamp*, 250 P.3d at 556-57, 226 Ariz. at 490-91 (citing Ariz. R. Crim. P. 32.4(a)); Ariz. R. Crim. P. 33.1, 33.2(b)(2).

Petitioner filed a timely second PCR petition. However, he did not fairly present a claim that prior PCR counsel was ineffective. The PCR court noted that Petitioner referred to his of-right PCR counsel as ineffective but did not offer evidence or substantiate that as a separate claim. (Doc. 14, Ex. BB at 1-2.) The court then found that Petitioner did not present a claim that his prior PCR counsel had been ineffective. (*Id.*) Further, Petitioner did not fairly present to the Arizona Court of Appeals a claim that of-right PCR counsel was ineffective. Therefore, it was not properly exhausted. Ineffectiveness claims regarding PCR counsel are now foreclosed in state court by Arizona Rules of Criminal Procedure 33.2(a)(3) and 33.4(b)(3) because they do not fall within an exception to preclusion. Ariz.

R. Crim. P. 33.2(b); 33.1(b)-(h). Because the Arizona state courts have not had a fair opportunity to rule on ineffectiveness of PCR counsel as the basis for Petitioner failing to raise Claims 1 to 3 in state court, and Petitioner may not exhaust such a claim now, it is technically exhausted but procedurally defaulted. *See Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1. Therefore, ineffectiveness of PCR counsel cannot constitute cause to excuse Petitioner's defaults. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (ineffective counsel as cause can itself be procedurally defaulted); *Coleman*, 2018 WL 3543914, at 23.

### Fundamental Miscarriage of Justice

Petitioner has not alleged that a fundamental miscarriage of justice will occur if his claims are not reviewed on the merits or that he is actually innocent. To demonstrate a fundamental miscarriage of justice based on factual innocence, a petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To establish the requisite probability, the petitioner must demonstrate with new reliable evidence that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* at 324, 327. Assuming Petitioner had alleged actual innocence as a means to overcome the procedural defaults, nowhere in his filings has he identified new evidence in support of that theory. Therefore, Petitioner cannot establish a fundamental miscarriage of justice will occur if his defaulted claims are not heard on the merits.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural rulings debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 2nd day of November, 2020.

Honorable Lynnette C. Kimmins
United States Magistrate Judge